NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50153 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-04905-JAH-1 |
| v. | |
| ALEXANDRO JAVIER VIRGEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted March 16, 2021**

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Alexandro Javier Virgen appeals from the district court's judgment and

challenges four conditions of supervised release imposed on revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm

but remand to correct the judgment.

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Virgen challenges the special condition of supervised release that requires him to submit to warrantless searches "with or without reasonable suspicion." He argues that the condition involves a greater deprivation of liberty than is reasonably necessary because it does not expressly forbid arbitrary, capricious, or harassing searches. Contrary to Virgen's contention, this condition need not be more narrowly tailored to be permissible. *See United States v. Cervantes*, 859 F.3d 1175, 1184 (9th Cir. 2017) (district courts have discretion to impose suspicionless search condition). The record reflects that the district court imposed the condition in light of Virgen's extensive criminal history and poor performance on supervision. This was not an abuse of discretion. *See id.* (upholding suspicionless search condition where defendant had a significant criminal history and poor performance on supervised release).

The parties agree, and the record reflects, that the written judgment conflicts with the oral pronouncement of special conditions of supervised release 1, 3 and 9. We, therefore, remand to the district court to enter a corrected written judgment consistent with the court's oral pronouncement of sentence. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) (remand for correction of the written judgment is warranted when it conflicts with the oral pronouncement of sentence because the oral pronouncement controls). Specifically, the district court is directed to strike the phrase "<u>and comply with both United States and Mexican</u>

immigration law requirements" from special condition 1, and the phrase "[a]llow for reciprocal release of information between the probation officer and the treatment provider" from special conditions 3 and 9.

**AFFIRMED; REMANDED to correct the judgment.**